UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20685-BLOOM/Elfenbein

RICARDO VENEGAS PEREZ,

Plaintiff,

v.

BARRIOS SECURITY CORPORATION,

Defendant.

_____/

ORDER ON MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Plaintiff Ricardo Venegas Perez's ("Plaintiff")

Motion for Attorneys' Fees ("Motion"), ECF No. [15].  Plaintiff filed this action pursuant to the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.,* ("FLSA") on February 2,

2026. See ECF No. [1]. Defendant Barrios Security Corporation ("Defendant") did not respond to

the Complaint, including after the Court entered its Order on Default Procedures, ECF No. [9].

The Court granted Plaintiff's Motion for Default Final Judgment on May 4, 2026. ECF No. [14].

Plaintiff now moves for attorneys' fees and reasonable expenses and has provided time records in

support. *See* ECF Nos. [15], [15-1]. Defendant has not filed a Response. For the reasons that

follow, the Motion is granted in part and denied in part.

I.      BACKGROUND

Plaintiff filed this case against Defendant, asserting claims for unpaid wages in violation

of the FLSA and for breach of contract. ECF No. [1]. On February 19, 2026, Plaintiff filed his

FLSA Statement of Claim requesting a total award of $16,298.75 in actual and liquidated damages.

ECF No. [6].

Defendant failed to respond to the Complaint, and the Court entered default final judgment on May 4, 2026, awarding Plaintiff damages in the amount of $16,298.75. ECF No. [14]. In that Order, the Court indicated that Plaintiff was "entitled to reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act, which shall be determined upon separate motion filed in accordance with Local Rule 7.3." *Id.* at 2.

On July 2, 2026, Plaintiff filed the instant Motion, seeking attorneys' fees in the amount of $13,920.00. Plaintiff's counsel explains that, while he worked on a contingent fee basis, his reasonable hourly rate is $800.00 per hour which, combined with the 17.4 hours spent prosecuting this action, yields a lodestar value of $13,920.00. *Id.* at 1–3. He argues that this fee is justified by his nearly 18 years of civil trial experience and is "consistent with, and at or below, the prevailing market rate charged by attorneys of comparable skill, experience, and reputation litigating FLSA and complex civil matters in the Southern District of Florida." *Id.* at 4.

## II.    LEGAL STANDARD

Under the "American Rule," parties generally are not entitled to an award of attorneys' fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA allows for an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); *see also Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979) ("Reasonable attorneys' fees are mandatory"). In assessing the reasonableness of a request for attorneys' fees, courts in the Eleventh Circuit apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th

Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When seeking attorneys' fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301). A reasonable hourly rate is determined by considering "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*.

## III.   DISCUSSION

Plaintiff's attorney, Rafael Viego, has submitted an uncontested breakdown of the time spent on each billable activity in this case. *See* ECF No. [15-1]. Cognizant of the length and nature of these proceedings, and upon examination of the breakdown, the Court finds that each activity was necessary to the prosecution of the action and was performed in a reasonable amount of time of 17.4 hours.

As to the reasonable rate, however, the Court finds $800.00 inappropriate. For one, Plaintiff's attorney merely offers the conclusory assertion that this rate is consistent with and at or below the prevailing rate for attorneys of similar skill and experience undertaking similar cases in this district, offering no example cases where this hourly rate has been awarded and no declaration

to support his assertions. Moreover, the Court has not located any recent FLSA case within this district awarding comparable fees. Indeed, a survey of FLSA cases within this district over the last twelve months reveals that $450.00 is the upper end of hourly rates awarded, with that rate generally going to attorneys with upwards of 25 years of experience.[1] A rate of $400.00 per hour is far more common, particularly for attorneys with similar experience, skills, and reputations to attorney Viego. In light of this, the Court finds an hourly rate of $400.00 appropriate here. Multiplied by 17.4 hours expended, the Court will award Plaintiff attorneys' fees of $6,960.00.

---

[1] *St. Charles v. Int'l Sec. Guard Servs., Inc.*, No. 24-CV-22063, 2025 WL 4643267, at *13 (S.D. Fla. Dec. 3, 2025), *report and recommendation adopted*, No. 1:24-CV-22063-KMM, 2026 WL 513528 (S.D. Fla. Feb. 25, 2026) (approving a $400.00 hourly rate in an FLSA case for an attorney with 18 years of experience); *Hernandez v. WL Gen. Servs., Corp.*, No. 1:25-CV-20120-PCH, 2026 WL 803131, at *3 (S.D. Fla. Mar. 10, 2026), *report and recommendation adopted sub nom. Hernandez V. WL Gen. Servs., Corp.*, No. 25-CV-20120-PCH, 2026 WL 801710 (S.D. Fla. Mar. 23, 2026) (approving a $450.00 hourly rate in an FLSA case for an attorney with 25 years of experience); *Urb. v. SB 2028 LLC*, No. 24-60652-CIV, 2026 WL 244651, at *2 (S.D. Fla. Jan. 13, 2026), *report and recommendation approved*, No. 0:24-CV-60652-WPD, 2026 WL 242715 (S.D. Fla. Jan. 29, 2026) (approving a $400.00 hourly rate in an FLSA case for an attorney with 15 years of experience); *Robertson v. Payopic LLC*, No. 0:25-CV-61280, 2026 WL 1786533, at *2 (S.D. Fla. June 2, 2026), *report and recommendation adopted*, No. 0:25-CV-61280, 2026 WL 1785953 (S.D. Fla. June 22, 2026) (approving a $450.00 hourly rate in an FLSA case for an attorney with 30 years of experience); *Adderley v. Preferred Primary Care Assocs. LLC*, No. 24-61295-CIV, 2025 WL 2533790, at *2 (S.D. Fla. Aug. 25, 2025), *report and recommendation adopted*, No. 24-61295, 2025 WL 2549939 (S.D. Fla. Sept. 4, 2025) (approving a $400.00 hourly rate in an FLSA case for an attorney with 14 years of experience); *Alcine v. Tile & Marble by Valentin, Inc.*, No. 24-61319-CIV, 2025 WL 3723307, at *2 (S.D. Fla. Oct. 27, 2025) (approving a $400.00 hourly rate in an FLSA case for an attorney with 15 years of experience); *Petersen* v. *INK 477, LLC, et al.*, No. 24-CV-20008, 2026 WL 1460997, at *11 (S.D. Fla. Feb. 11, 2026), *report and recommendation adopted sub nom. Petersen v. INK 477, LLC*, No. 24-20008-CIV, 2026 WL 1481084 (S.D. Fla. Mar. 20, 2026) (approving a $450.00 hourly rate in an FLSA case for an attorney with 37 years of experience); *Phillips et al. v. Prime Medical Supplies, Inc. et al.*, No. 24-80760-CIV, 2026 WL 1805170, at *4 (S.D. Fla. June 1, 2026) (approving a $200.00 hourly rate in an FLSA case for an attorney with over 20 years of experience); *Alicea v. Peter's Plumbing, Inc.*, No. 23-CV-60184, 2025 WL 3006051, at *3 (S.D. Fla. Oct. 15, 2025) (approving a $400.00 hourly rate in an FLSA case); *Quiceno v. PJC Elec. LLC*, No. 0:24-CV-61941, 2025 WL 4233823, at *2 (S.D. Fla. Dec. 9, 2025) (approving a $475.00 hourly rate in an FLSA case); *Koutroufatsos v. Mission Lakes Rest., Inc.*, No. 9:24-CV-81363-EA, 2026 WL 950588, at *3 (S.D. Fla. Jan. 26, 2026) (approving a $400.00 hourly rate in an FLSA case); *Rego v. High Risk Enf't, LLC*, No. 24-CV-80890, 2025 WL 2734294, at *1 (S.D. Fla. Sept. 10, 2025), *report and recommendation adopted*, No. 9:24-CV-80890, 2025 WL 2732296 (S.D. Fla. Sept. 25, 2025) (approving a $400.00 hourly rate in an FLSA case); *Spikes v. Schumacher Auto Grp., Inc.*, No. 21-CV-81223, 2026 WL 950585, at *5 (S.D. Fla. Jan. 9, 2026), *report and recommendation adopted*, No. 21-81223-CIV, 2026 WL 950572 (S.D. Fla. Feb. 11, 2026) (approving a $425.00 hourly rate in an FLSA case).

## IV.     CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.   Plaintiff's Motion, **ECF No. [15]**, is **GRANTED IN PART AND DENIED IN PART**.

2.   Plaintiff is awarded **$6,960.00** in attoreys' fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record